May it please the court. I'm John Duberstein. I represent the appellant in this case, Gary Lynn, and I'm from the Middle District of North Carolina, Federal Defender's Office in Greensboro. Just to clarify at the outset, the current status of Mr. Lynn's case, he is currently serving a 13-year stacked state sentence. So it's a 12-year sentence or 12 and change on one charge and then a consecutive charge that makes up the difference in that. I somehow read in the record that he got a sentence of 104 to 137 months. Is that correct? In North Carolina, is there sort of indeterminate sentences? There are, Your Honor, and they're not like in federal court where you get an exact number of months. So it used to be structured sentencing. Now it's a structured sentencing variant. So there are sort of blocks that people get fit into. But in the North Carolina Department of Public Safety, his release date is 2025 and his minimums are listed as, I think it's, I can't remember exactly. It's like 12 years and change on one and then the balance of that is made up on the other one. Why shouldn't we, as a rule, when facts get you to a 5G, 3.1C situation, why shouldn't we say to the district court judges that you need to make a decision? You can run it concurrent or you can run it consecutive, but make a decision. And don't leave it up to the BOP to intrude on our variety. I think that's actually the legal outcome. I would say there's two responses to this case that come out in Mr. Lynn's favor. One is exactly what Judge Floyd just said, and that is the language in the guidelines. The guidelines are not mandatory, obviously. The judge can vary from that. But what the judge did in this case, and I understand why Judge Osteen did it. He didn't have all the facts he wanted to impose the sentence. At the trial court level, that's a tough call. Isn't that the case in every situation like this? In every single one like this. Isn't what he said was, you know, this is, in essence, a pretty serious offense. And he's charged with several different offenses in state court. And if he gets second-degree murder, I might be inclined to give some of this federal sentence concurrent. But I don't know whether he's going to do that. If he gets less, and by saying not concurrent, it is consecutive. In essence, make that decision. Well, it could be partially concurrent, and that's where the rub is. It's this particular type of case. Most cases that I see, and I do a lot of district court work as well as appeals, the cases that come before us most often have the same conducts charged in state court, and the state just holds on to those charges and dismisses them at the end of the federal case. Because by and large, people get more time in federal BOP than they would in the state in North Carolina. But there is a discrete group of cases where the conduct is so serious or so unrelated, really, that we know it's going to be unrelated and we're not even worried about it. We don't even necessarily have an argument at sentencing or a strong argument for running it concurrently under 5G 1.3D. But this is in that sort of twilight zone of cases that I've had several of, where there's some question about whether full concurrence. The default is it should run concurrent. Nobody's arguing that this isn't relevant conduct. It was incorporated fully into the guideline, into its total offense level. So the question is, would the judge vary from that guideline and extend it to run either partially concurrently or fully consecutively, which would be a variance from 5G 1.3. But what would you have had him do? I mean, what did he do wrong? So that's the question. Where does this become abuse of discretion? And so let me preface that by my second response to Judge Floyd's question. The first response is a legal one. The second one is a practical one. I think where the case comes before this court and it's still on direct appeal, by far the most practical solution is to send it back to the district court judge now that he has all the information, allow the district court to fully implement the total sentence. But he could only do that if there was an error in what he did do. So the error part is the legal analysis that undergirds that. And that is, I think, there is a place in the statutory framework. So the statutory framework was really ruled on squarely in Setzer. What Setzer didn't do and couldn't do because the guideline didn't exist then was rule on how we deal with 5G 1.3c as it now exists, which is totally different than pre-Setzer. So I think the place where that becomes abuse of discretion and becomes legal error is where Judge Floyd's point, where it becomes an undue deference to the Bureau of Prisons. And the Bureau of Prisons is not supposed to... So what do you do about this footnote in Setzer? The footnote in Setzer, well, first of all, Your Honor, it's a footnote and it was sort of speculative. I think the footnote... I read this footnote from years of experience dealing with groups of judges. It was a response to an objection by someone else. And it was a suggestion, a clear acknowledgement that in some situations the district court may have inadequate information and may forbear. In other situations, that would not be the case. And it seems to exactly less what the district court didn't. But, Your Honor, I think there are other things the district courts can do, practically speaking, in order to... I think that would only be in a really rare situation where there really is not enough information to make that decision. Because otherwise, as Judge Jones pointed out, isn't that going to swallow all of these situations? Isn't that just saying you don't have to make a decision, whereas the guidelines say you shall? And so we want to implement... He did make a decision. He made a decision not to run it concurrently or partially concurrently. He actually said I defer from making a decision. He said I won't decide as to whether it should run concurrently. Well, he said, therefore, at this time, I would decline to make a finding with respect to running any part of the sentence imposed in the state court. Right? Right. So that ran it consecutively. Well, what he may have meant, and I think what he meant, was that under current practice of the Bureau of Prisons, when they make an inmate request and they are determining whether to make a non-proton retroactive designation, they write a letter to the district judges, the sentencing judge, and ask him or her the opinion of the district judge as to what should be done. And the current letters that I receive as a district judge say, in effect, whatever you think. We will rely heavily on your view of what should be done here. And I suspect that's what Judge Osteen was thinking. That's exactly what he said he was thinking. I think he even mentions the letter. So what's wrong with that? I think it can be an over-reliance. For example, Judge Osteen at one point in the proceeding says, if this were a gun possession charge at the state level, I'd be inclined to run it fully consecutively. If it were a second-degree murder, I'd run it concurrently. Well, that leaves a lot of potential room. In fact, what he had was an aggravated assault and another charge stacked consecutively, a thing that he couldn't have countenanced fully. But what winds up happening then is, so maybe the Bureau of Prisons does because he said it on the record, send the letter. There have been cases where the Bureau of Prisons never sent the letter. There have been cases where the Bureau sent the letter. In fact, this court decided one not very long ago called Hallenbeck, and it creates this sort of weird legal conflict with Setzer because in Setzer, the court pretty clearly says the Bureau of Prisons is not to exercise sentencing discretion under the place of imprisonment statute. But in Hallenbeck, the court's analyzing it in that posture. It's coming before the court on the Bureau of Prisons' decision, and what the court said was the Bureau of Prisons abused its discretion in applying this. And so what we've gotten to is we've gotten all the way around to the Bureau of Prisons' abuse of discretion being in front of the court instead of the sentencing judge, which is where that discretion belongs. And that's what Setzer said should be happening, and I think that's what 5G 1.3c was written precisely to implement, was let's make sure that the sentencing judge is the one who makes this decision in every case where it's feasible at any level. And what Judge Osteen could have done in this case, and again, I didn't do this case at the district court, but I'm in front of the district court all the time. These are hard calls to make, but he could have made in the alternative, I would rule this way, in the alternative, I would rule this way, cabining any possible exercise of discretion by the Bureau of Prisons in case that. But Setzer didn't tell him he had to do that. No, it didn't, Your Honor. But I'm not saying that's prescriptive. I'm just saying that's an example of a thing that. But here you're saying that we should reverse, and that's what I'm just trying to get my hands around. What's the. . . The court. . . Why would we reverse? I apologize, Your Honor. Just because things have now down the pipe, we know better, and we should. . . But we don't do that. No, we should. . . The district court rules on what's before it. We don't say, well, you know, things have changed now, and we think you should. . . We just don't do that. No, I understand, Your Honor, but I think that my response to that is what I was saying before, that Setzer changed the law. So Setzer interpreted the statutes, and the statutes were the same as they were before, but the guidelines are different now. The implementation directed to the court, in answer to Judge Jones' earlier statement, I think what Judge Osteen did was actually run them concurrent, if you look at it legally, because that's the default under the guidelines. Unless we're varying overtly, the default under 5G 1.3c is this is relevant conduct. It should run fully concurrently. And there are cases where the Bureau of Prisons says, well, we're just going to look at the defaults in the statute and the guidelines, and those, because the judge was silent. This is not the case with Judge Osteen, but where the court is fully silent, we'll look to the defaults, and those have come up before this Court on assignments of error, too. Justice Scalia in Setzer, he didn't mince words about it. He just thought that judges not dealing with the concurrent, consecutive decisions when they had a chance, they were given the DOP authority in the Senate, and he didn't like that. Right. And I think Judge Osteen's intention here was not to give the Bureau of Prisons an undue amount of deference, but I think in recognition of the law that has changed since Setzer and the guideline that's changed since then, the rule that's changed, the court ought to fashion a workable rule that allows the district court judges to have clear guidance on what they should do. And the best thing that a judge can do where there's relative lack of information is to come down with a specific ruling and say, this is what I think under the circumstances,  and make that the ruling. And then if it turns out that that's incorrect, that's where the corrective action could come in, but not to leave it totally open. Corrective action only if it's consecutive. I mean, there's no correction that the Bureau of Prisons can do if Judge Osteen in this case has said, well, I'll run. This will be concurrent. Half of this will be concurrent. And it turns out in the state court that Mr. Lynn gets a big break for some reason. It happens. New facts come out or something like that. I mean, you know, there was a contest in his sentencing about the seriousness of the offense, and he gets a much shorter sentence. And that is not what Judge Osteen thought the facts before him justified. He thought that statutory maximum was appropriate for this defendant. And he did. And he implemented that sentence. And so if he said concurrent, as you think he should have said, there's no correction that can be done. He can't say, well, whoops, now I know that the state sentence was much more convenient than I thought, so I'm going to raise it. Yes. He can do it. Right, Your Honor, but we're only talking about an instance. This only comes up where the court hasn't ruled specifically. So if he ruled specifically that it was concurrent, we wouldn't have this issue at all because there would be nothing for the Bureau of Prisons to do. The Bureau of Prisons is going to implement what the judge says if it's clear in the text of the sentence so that there's no assignment of error from either side under any angle if the judge rules in a specific way. If Judge Osteen had said, I'm running this partially concurrently and it only overlaps by two months, I don't think Mr. Lynn has an argument. In fact, one of the cases cited by the government in its brief is an Anders brief that was my case where that basically was what happened. The court said, here's how it is. My client didn't agree with that, obviously, and it mostly ran consecutively, and there was no assignment of error he made there. The judge made a specific ruling. He considered the guideline. He made a calculation based on the state sentence, and we didn't have a 5G argument. But where the court doesn't implement the sentence, and the guidelines speak to this, too, in general, the court is supposed to implement the total sentence. So in that part, and that's why 5G 1.3 is necessary because that includes related conduct that's not even in the same court. So the court has to consider those things and at some point has to arrive at a specific federal sentence. And our argument is just that the court has to make that specific finding because here the guidelines say the court shall run the sentence concurrently. Excuse me. You aren't suggesting that the guidelines can overrule the Supreme Court, are you? No, ma'am. Okay. So I'm still left with this footnote, and I really just don't understand your argument in light of that footnote. And my colleagues, one of whom has been on the district court, one of whom has served well on the district court, maybe do, but I just don't get it. It seemed to me that the footnote said, of course the district court should exercise the power to impose anticipatory consecutive or concurrent sentences intelligently. In some situations, a district court may have inadequate information and may forbear. In light of that, how can we hold what the district court did here was wrong? I'm sorry, Your Honor, I didn't mean to speak over you. Because the guidelines were changed after that. I understand, but they can't overrule what this says. But I don't think they do, Your Honor. I think the guidelines were written in a space that the Supreme Court opened up. That was a void after censor. I mean, it wasn't a void, but all we had was the Supreme Court's interpretation, and in this case, just a footnote. What the Sentencing Commission did was give a specific rule that was then promulgated by Congress, and that rule guides the specificity, the manner in which the Supreme Court's ruling will be implemented under the guidelines. And so it's not overruling the Supreme Court. There could be a case, and I agree with you, Judge Motz. There could be cases where that is true, where there is the court just simply does not have the ability to do that. Well, that's what the district court said here. I'm not able to make a determination as to how much of this sentence should be imposed to run concurrently. Nobody says if he doesn't have enough information. And I guess, Judge, we're arguing that the space for that not enough information should be limited as much as possible to avoid the statutory framework in Setzer sets out the preference for the judicial decision-making and the avoidance of it. And the process has become so common, I think, in district court practice, as Judge Jones was alluding, that it's almost like a matter of course that the Bureau of Prisons will be doing this. And if you read the guidelines, the way the process should work post-Setzer is there should always be a preference for the judge to make that specific decision, and only in exceptional cases should the Bureau of Prisons have to write that letter. And I don't think that's how we're... But you're, you know, contrary to this footnote, you're asking the sentencing judges to make a guess as to what the state court is going to sentence them to. Well, Setzer is asking them to make a guess, I guess. And I'm saying that that guess that they make should include under 5G 1.3c, it should include a case where the judge is not 100% certain. Setzer set out... Well, there are going to be cases where the judge is going to be relatively certain. I mean, parties may represent that the defendant has already entered into some plea agreement in state court, and they anticipate that his or her sentence is going to be X. You know, that happens. But in most cases, you know, these are independent state judges, and they make their own decisions, and the facts may be different at sentencing, even though it's essentially the same conduct. I just don't understand what Judge Heer should have done. I mean, is it that he said, therefore, at this time, I will decline... I mean, if he had not said that, would you have any argument? Is that the mistake he made by saying that he, at this time... No, Judge. I'm not turning this on anything. I'm not trying to be cute about what Judge Osteen said or find magic words, but I do think what I opened with, the fact is that most of the sentences that escape the ability of the court to fall into this little twilight are the more serious sentences. Because if it's really not a very serious sentence, it's not a big issue most of the time. If it's clearly related conduct, it's not an issue. So the big issues are where it's related conduct, which brings it right front and center for the federal courts. So it's relevant conduct that we are already punishing this person for by fashioning a federal sentence. And then it's serious enough that running it, that we think, we anticipate the state is going to hold on to this. Because I have loads and loads of cases where the state just waits and dismisses the charges at the end because they're duplicative, and the sentence is going to run concurrently. This is actually a case that's, I think, prototypical. But isn't the difference here is that there were a number of charges in state court. And that made it very difficult to predict. Sort of a complicated situation. There was an argument about the facts, how serious it was. Your client contended that this was an accidental shooting. Judge Postine found to the contrary. But state court might buy that. And so he was really in a quandary as to what would come next. Well, again, I don't know that the question was complicated by the number of charges. The charges were pretty straightforward in state court. There was a wrestling match for a gun,  so it was going to be a relatively serious case one way or the other. And I think that that falls into the same thing that I was just saying, which is most of the cases that are going to be decided this way, it's going to have a big amplitude. It's going to have a large impact on the total sentence because it's only a case where the judge really has to consider, do I take conduct that is already fully interpolated into the federal sentence and extend that? Do I make that consecutive based on the same conduct? So it's only in those cases where it matters most. And that is, I think, in answer to Judge Motz's question, why the footnote shouldn't necessarily control and why 5G 1.3c should be followed whenever possible. Because if that tipping point over to where this becomes a Bureau of Prisons issue is happening most often in cases where the conduct is fully incorporated and the conduct is also very serious, we have a maximum opportunity for potential constitutional or statutory harm. So what do we call this attack on the sentence? Is this a procedural or a substantive argument? Procedural. Sorry. Go ahead. I think there are both arguments for both, Judge. The procedural argument is the judge got to the precipice and didn't make the decision, and 5G 1.3c says shall. So it was sort of like an unannounced variance. He didn't say I'm varying and here are the reasons I'm varying. He said I'm not making a decision. So it should have been a variance procedurally, and it wasn't. And then substantively is the argument I think I just made. So this is, in your view, procedurally and substantively unreasonable? Yes, Your Honor. That is the argument. And the substantive part is the potential for a structural, I mean, at the extreme, a structural section of powers issue, but also just a statutory interpretation based on Setzer that says this is not, and understanding, Judge Motz, the point that you made well, which is Setzer does acknowledge that this isn't 100%, but Setzer expresses very clearly that this is not the preferred way to carry out the statutory framework. And all that's true, but I still just don't see how we can find a reversal here. I think the easiest route, Your Honor, is what you just asked, which is that this was a procedural issue, that there was not a ruling on varying from the guidelines when, in fact, the guidelines were not followed. So the guidelines say shall be concurrent, and that was not, there was no ruling that said I'm going to vary from the guidelines, I'm not going to impose the sentence that the guidelines suggest. If you don't have enough information, you're certainly entitled not to make the sentence. That's what Setzer said. I think there's no question that Judge Osteen has the discretion to make. But you're not required to if you don't have the information. It sounds like a good idea not to sentence if you don't know all the information. Except in the scenario where, which again has happened a number of times, where the Bureau of Prisons does not follow the standard operating procedure and doesn't come back and do this. And the other part of it is that in doing that, it's not just a question of separation of powers. A whole other lawsuit has to be filed in order to correct that. The defendant has to challenge, unless the Bureau does it sua sponte, which they do sometimes, but if it escapes, then the defendant has to go through administrative procedures and the Bureau of Prisons has to file a habeas petition. And that's how Hallebeck actually came before the Fourth Circuit. It was in that posture. It was in a case where the defendant had to file a whole separate habeas case because the implementation of the sentence wasn't done correctly. So this avoids all of that and pushes the district court to make a decision in all cases except those where it really can't practically be done. And I think in this case, it could have been done. It could have been. Okay. I don't think we have any further questions. Thank you, Judge. Good morning. May it please the Court. I'm Kim Davis representing the government in this matter. I think fundamentally the government's position is that the district court did make a decision. The district court did go back and forth on several possibilities of a sentence in state court, but ultimately decided, and I'm quoting, therefore at this time I will decline to make a finding with respect to running any part of this sentence concurrently to any sentence imposed in the state court. And the interpretation that the government receives from that is that he And the reason for doing so is just right before he says that, he says, well, if the defendant was going to get, I believe he says an aggravated assault, or no, he says if the defendant was convicted and got some second degree to murder conviction in state court, then there would be some significant overlap. But if he was only convicted of, say, some 922G offense, then there wouldn't be any overlap. And then he goes, well, therefore, and the context of that whole thing is that he was concerned because of the nature of this offense that this defendant wouldn't receive a sufficient sentence. Had he run it, had he not run it, I'm going to say this backwards, but had he said, had he run any part of it concurrently, the court was concerned that it wouldn't be a sufficient sentence to meet the 3553 factors. And so in reading the entire transcript and taking it into context, that's the government's position is that he did make a decision. So the argument that I was discussing with your colleague on the other side really means that this sets your footnote, sort of swallows the opinion, because it's perfectly clear that they're not happy. The Supreme Court is not happy. And unanimous decision? No, not a unanimous decision, but enough to make a decision. They're not happy with the Bureau of Prisons doing this. They want courts to do it. So what prevents such a footnote from swallowing the opinion? So are you referring to footnote number six? Yeah. So that footnote, you know, it says that the district court should try its best to make an intelligent sentence decision. I know what it says. Okay. I've read it. So, I mean, that would be the situation where if this court finds that the district court in this case did not make a decision, and Judge Motschi talked a lot about this with co-counselor, Mr. Duberstein, is that if you find that this district court did not make a decision, that that's not a reason to do a reversal. That's not a reason to send it back because. No, I understand that. Okay. What I'm asking you is if that's correct, if we read this footnote and say the footnote is upholding in the court, then why doesn't that swallow the whole opinion, the whole emphasis in Setzer, the whole emphasis that you don't give everything away to the Bureau of Prisons? Courts are supposed to do this. Yes, and that's what Setzer says. The courts are supposed to make a decision. It does say that, but then it has this footnote that says, in some circumstances, blah, blah, blah. Why doesn't the footnote swallow the opinion? I guess I'm not clear on your question. Okay. I'm sorry. The gist of Setzer is courts are to make these determinations, not the Bureau of Prisons, right? Yes, yes. But then this footnote says, okay, there are in some circumstances where a court may not think that it has the information, and so it will not make the determination. Why doesn't that footnote, why couldn't a district judge each and every time say, I don't have enough information? Because that footnote also says that the district court should exercise the power to do so intelligently, but it recognizes there are some situations like that the court may find invaluable. How are the situations cabinet is what I want to know. Or are they cabinet? Is it the government's position if the court says, I do not have the ability here to make, I don't have adequate information, and therefore I will forbear? If the district court says that, that's enough. Well, my argument is that our district court didn't say that. I understand what your argument is. I'm asking you to address this argument, though. That in a case if the court is silent or the court says, I don't have an information and I'm not going to, and it clearly says. Because I think that what the district court did here can be read as doing exactly this. Now I know that's not the government's position,  Yes, Your Honor. And I think that what you're trying to say is that what happens if every district court says, I don't have enough information, and I'm going to let the Bureau of Prisons sort it out. And that's not what this case is. That's not what Setzer is saying. The court should do it. It's saying there are situations where the court won't have that much information. But what are the situations? How can we discern what they are? So just in some cases that I can use for an example, I had a defendant who had a gun. And then the night before went and robbed a house. And that was a case in state court. So it was B&E. And then in my case, he was caught the next day in a truck with a gun. So relevant conduct, whether or not he had the gun, used the gun in the B&E, we didn't know. But in the B&E, you know, okay, that's a class H. In state court, that's a class H felony. You're going to get somewhere in between 12 months to 37 months. That's not all over the place. And you can kind of guess or make an intelligent decision in that case as to, okay, we think the defendant, this is the realm of what the defendant can get. It's not 288 months all the way down to a 12-month sentence. You know, so in a situation where you can intelligently make a decision, the court should. But if the court cannot make an intelligent decision, then how can it rule? Or how can it fashion a sentence that's going to meet the 35 to 38 factor? Maybe I can approach this a different way. Okay. The district court says, I just am not able to make a determination as to how much of this sentence should be imposed or run concurrently with the state court prosecution that is now pending. Right? Yes. But it's the government's position here that, in fact, the district court did make a decision, right? Yes, Your Honor. And that's the argument you're relying on. Yes, Your Honor. But what if that is all the district court said, that sentence? Then would this be a case where we would refer or reverse? Your Honor. Just this sentence. Do you want me to read it to you again? Yes, Your Honor. I am not able to make a determination as to how much of this sentence should be imposed or run concurrently with the state court prosecution that is now pending. Of course, we're not conceding that that's what happened. I know you're asking, like, what if it didn't? That is what happened. But other things happened, too.  But that's the only thing that happened. Then we would look at this footnote in Setzer, as the court pointed out. But that's what I'm saying to you. It seems to me it's a false statement for the government in each and every case, unless you tell me some reason it's not. You have to take it by case-by-case basis. I know you have to take it case-by-case. In each and every case, by case, the district court should do this. Maybe that's what Setzer requires. Maybe that's the government's position. But I haven't heard you say that yet. Our position is not – I know what your position is. I really do. I know what it is. But I'm asking you in a case in which they say this, is there any way that we could reverse? Or will we always have to say, oh, well, the district court said he was not able to make a determination as to how much this sentence should be imposed? So you're asking whether or not that's just going to be our fall safe every time we come in here? I'm really asking you whether the Setzer footnote follows the opinion. And I say that it's – Setzer really wants the district court judge who has all the evidence and has the case to make a decision not to give it to an agency. That's what Setzer says. It also says in the footnote that we understand that the court's not going to always have all the information to make that choice intelligently. Not always. Sometimes it will, but sometimes it won't. Are you saying that it depends on the context of a particular sentence? In other words, sometimes there will be an easy choice. For example, a lot of – we've been talking about gun cases, but where it frequently comes up in my court is in drug cases where the defendant has been convicted and is being sentenced to a drug conspiracy and he or she is in primary state custody and is facing in state exactly the same charge, distribution charge, in state court. It's likely going to be pretty clear what the charge is, what the possible sentence is in state court. Here there were – it was a complex situation, as I've said several times. The defendant denied the seriousness of it. He said it was an accident. Josephine said it wasn't an accident. He minimized his prior record. Maybe in state court in sentencing we don't know exactly what he's going to be charged with, what he might plead to, what the evidence might be. Are all those things in the context of the sentencing perhaps different? Yes. One of the first examples I gave was when the defendant had a gun in federal court on the 10th and then the night, the day before, he broke into a house and they wanted the district court to run the federal gun count to the house B&E because their contention was it was relevant conduct under whatever theory they had. That's pretty easy for a district court judge to look at that and say, well, I understand you're charged with felony B&E in state court. That's the one charge. And the realm of possibilities is very limited and very narrow. Well, that wasn't our case. Our case was this defendant was charged with attempted first-degree murder. And then there's all the different levels of murder that can fall from that. There's all the different levels of assaults that can fall from that. Or there's an acquittal. Or he's only, you know, because the state has some issue later on or something pops up, as it sometimes does, that if he was only convicted of a 922G type offense, that the court didn't want that to happen and then the only sentence this defendant would serve would be the sentence that that court imposed and that the district court imposed. He was concerned about the seriousness of the offense. And for that reason, the government's position, as I've said numerous times, is that he did make a decision. He wanted this defendant and was concerned that this defendant would not get a sufficient sentence if he ran any of it concurrently. So he declined to run it concurrently. The other argument I made, and I failed to put it in my initial brief, I put it in a 28J letter, was that in these facts, in this case, that the harm done to the defendant is harmless error because the defendant went to state court and pled guilty to assault with a deadly weapon, intent to kill, inflict, and serious injury, and received a negotiated plea. And part of that negotiated plea was that he agreed that his state sentence would run consecutive to any sentence he is now subject to. So why does... I don't understand that. I mean, the state court can't determine what the federal sentence is. You're right, Your Honor, but the defendant... But in this case, the defendant went to state court and agreed to that sentence. It wasn't... The judge just mandated it. It was a negotiated plea. But he's in primary state custody. Yes. Okay, so the federal sentencing judge has the power to run the federal sentence concurrent or consecutive. I mean... It's a circle. Yeah. You know, the state court says we run concurrent, and the federal court says we run concurrent. But in this case, in these facts, the defendant had a federal sentence. He's not going to serve his federal sentence until the state sentence is completed, right? That's correct. He's in state primary custody. So consecutive with what? To the sentence he was subject to, which was the federal sentence. But he's got to serve the state sentence first. It can't be consecutive to the federal sentence. It's clearly not consecutive, right? So in that situation, the defendant agreed that his sentence be consecutive. But he could... The court, the state court, and the state courts have done this, that we say, well, we want this run concurrently with any sentence you're serving now. They can do that too. But the defendant agreed to this. Consecutive means run after, right? Yes, at the expiration. Well, if he's in primary state custody, that's first. Yes. It's not running after, right? By definition? I don't know that that nuance was something the defendant or the public defender in the case that handled that case, like, thought about in crafting a negotiated plea where he would get a reduced sentence, or reduced, not reduced sentence, reduced charge, and that he would agree to... It didn't really make any difference to the federal sentence because he had to serve the state sentence first. He was in state primary custody. So unless it was consecutive to some other state charge or state conviction we don't know about, it didn't affect the state sentence at all. I mean, I just don't think that's any kind of waiver. Again, it may have helped him somehow getting a reduced sentence in state court, but if they somehow, if the judge, state judge, or the state prosecutor somehow thought he was getting a tougher sentence that way, it doesn't make any difference. Don't you agree? Well, I think it makes a difference into what the defendant entered into. I understand that he's serving a state sentence, he came to federal court on a writ, and that sentence has to be served first. I understand that, but that goes towards the argument that it is harmless error, that he is running, he has agreed, that he's like, thank you. But he didn't say in his plea in state court, I agree that the federal sentence will run consecutive. He said to the sentence he is now subject to, the only sentence this defendant was subject to was the federal sentence that was given to him, I think it was just a month before. I think that happened at the end of February, and he entered this plea, I think, sometime in April. I could be wrong, but that's the only sentence he's subject to. And so what other sentence are you agreeing that should run consecutive to, some imaginary sentence that we don't know about? No, I mean, it's the federal sentence that he was subject to, there was no other sentence. I mean, we've read cases where the state sentence cannot run consecutive to the federal sentence. He has to serve the state sentence first. Yes, I understand what the court is saying, but we have had cases where state court has said, I want this state sentence to run concurrently to whatever he's serving. Maybe it's a supervised release violation, maybe it's something else. And the state court has said that, and that's kind of when the Bureau of Prisons has come in and said, well, the state court has said this, and then they write a letter to the judge, to the district court judge, of like, how do you want us to handle this, because there's all those other factors. But this defendant agreed to that, and I just think that's an important fact. And we know that he has to serve the state sentence first. We understand that. But when the defendant entered the plea agreement, I don't know that that nuance was something that was considered. I just think it's important to note that the defendant agreed to a consecutive sentence and is now asking the district court to reconsider that. The problem is, they tell these defendants in state court, we're going to run your sentence concurrently to a federal sentence. Well, that just doesn't happen, because he goes in, he stays in the state court, he serves his sentence, then he's popped over in the federal court to serve his federal sentence. As a practical matter, state judges don't understand that. A lot of people get in this way. If there's no other questions, I just want to close with, and I've said this before, the government's position is this court did make a decision. It was concerned with the seriousness of the offense, the use of a gun, shooting of a police officer, that because of those reasons, that this court made the decision that it made to not run this sentence concurrently with any type of... Can you tell me exactly what language you're relying on in this court's opinion? I'm at J159. Yes, that's it. That's it. Well, maybe just tell me what line, since I have a whole thing in front of me. So, it's line 21. It begins, therefore, and the beginning of the paragraph is, I'm not able to make a determination. So, it's like... So, what? Two lines later, he says, therefore, but this time I will decline to make a finding. But he's saying, I'm not able to make a determination as to how much of this sentence should be imposed concurrently with the state prosecution that is now pending. Then he says, well, if he's found guilty of attempted second degree murder, there would be significant overlap. I just don't know. Should he ultimately only be convicted of, and I realize this might not be likely, but should Mr. Lynn ultimately be convicted of a 922G1 offense or some other offense, I would not be inclined to run this sentence concurrent to the sentence that may be imposed in state court. Therefore, at this time, I would decline to make a finding with respect to running any part of this sentence concurrently to any sentence imposed in the state court. He's declining to run any part of this sentence concurrently to any part of the state sentence. So, as a practical effect, did he get a consecutive sentence? He did. He did, and he got a consecutive sentence. Okay. Thank you. Thank you, Your Honor. Let me ask you a question. What about Section 3584, which says that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently? Well, in Censor Judge, the court ruled that this situation doesn't fall under the statute. It just wasn't one of the situations anticipated by the statute because the sentences aren't imposed at the same time. When you have an anticipated sentence, that's why the decision was necessary. Imposed at different times is what the statute says. Oh, I'm sorry. I misheard. The statute says multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Yes, Your Honor. And those are federal sentences. That's how it's been interpreted by the Supreme Court, and that's how it was interpreted in Censor. That only covers federal sentences that are literally being imposed at different times, and it doesn't cover an anticipated sentence is what Censor said. Let me find the specific part. Censor. When they do the statutory analysis, they talk about how it's in Reform Act. So it addresses the consecutive versus concurrent situation but not the situation here since the district court did not impose multiple sentences at the same time, et cetera. This does not mean, as Censor and the government claim, the district court lacked authority as it did, but it says the statutory text does not cover the situation where the sentence has not yet been imposed in a state court, in a separate court. And I think that's that. Well, I've always understood Censor to stand for the prophecy. I mean, a lot of judges felt that you could not impose a sentence concurrent with a future sentence that was yet to be imposed. Isn't that what Censor decided that you could? Yes. And so how does that bind this particular case here? Well, in this case, when the case came before the district court, the state sentence had not yet been imposed. Right. So he could run it concurrent. I mean, we all know that. But what does Censor tell us otherwise? Well, beyond that, Censor interprets the two statutes that are at play, the one that you just cited, Judge Jones, and the one that governs the Bureau of Prisons' place of imprisonment and says under all circumstances where practicable, the district court should make the decision and not leave it to the Bureau of Prisons. Otherwise that becomes the Bureau of Prisons exercising judicial discretion. And so my point here is, and I think Judge Motz has made this point very clearly, is not that there is no room for the judge to say we can't do this, but that that should be the absolute exception to the rule and not the functioning norm of the rule. What would be a case in which you would agree that a non-concurrent sentence by the federal sentencing judge would be okay? Hypothetically, what I was thinking about is something like where there is a conspiracy charge and there's multiple state counts and multiple federal counts, some of which may be relevant conduct, some of which may be not relevant conduct, something that sweeps relatively broadly or that covers more than one series of robberies, potentially, or a large drug case, that could encompass... But the guideline says relevant conduct. The relevant conduct decision can get made, yes, Your Honor, but you also could have within that very serious conduct that overlaps. And in that situation... Well, isn't that what we have here? I mean, as I've said multiple times here, that this is a complex situation, multiple state charges, different facts could be proved in state court that justify the district judge really being uncertain, reasonably uncertain as to what is going to happen in state court. And having already said that because of the district judge's finding of the seriousness of the events, which the state court may see differently, but the district judge's finding of the seriousness of the events, that a sentence at the statutory maximum was appropriate. Your Honor, he said a sentence at the statutory maximum was appropriate, but he declined to rule about... It basically puts another 30% or 40% of the sentence on top of the sentence that he imposed at the statutory maximum. And that decision... But he didn't know that. No, he didn't. Well, he did. I mean, he speculated that that could very well happen. He didn't know how the discretion would be exercised at the state level, but that's not... And the state court may, the state prosecutor may have said, 10 years for this, that's enough. We don't, you know, we'll let him plead in something minor or we'll don't process it or something. In which case the district court has done everything that it can do to impose the federal sentence. And the sentencing mission of the district court is not affected by that. So the district court's job then is to say, what if the court does more? Here's what I would do. Here's what I would impose in that situation. And the court can say, at 5 years, at 10 years, at 15 years, and say I would run this much of it concurrently. Well, you can't say I would. I mean, you're saying he has to. He has to say it in this case. I'm saying in order to... I'm sorry, Judge. He had to run some part of this sentence or all of it concurrently. In order to follow the guideline he did. What he did do was not vary from the guideline expressly. And, you know, even that, if it's done with enough tabening, can be done without any magic words. Surely this is procedural. I thought you told... No, I said I made arguments for both. I said I made arguments for both. And I think the substantive part is that sliding scale where we're imagining the sets or world that the Supreme Court has set out. And Justice Scalia said... So what should he have done? He should have ruled whether or not the... No, no, no. You say it's substantively improper. The substantive... Oh, sorry, Judge. I keep cutting you off. What sentence should he have imposed? He should have... All concurrent, half concurrent, third concurrent. The court... I can't speculate as to what the court... He didn't want to speculate. That's why you're here. You're saying it's error. Oh, you're asking my opinion of his? I mean, I'm not saying it's error because he didn't give him a specific sentence. If you had been representing him at the time, what would have been the proper sentence? You say it's a substantively unreasonable sentence. So, you know, what... It would have been substantively reasonable. The argument that I made on the substance, though, was a constitutional structural argument, not that the sentence he imposed was unreasonable because of the magnitude of the sentence. That's indeterminate. I can't say it was unreasonable based on the length of the sentence because we don't know the length of the sentence. So I can't answer that question. And I'm not saying a sentence at the statutory maximum is unreasonable. That's not the argument. The argument is the judge begins to tread on the constitutional or statutory... Really, it's first a statutory issue outlined by Judge Scalia and Setzer by not attempting to impose a sentence in anticipation of what was a pretty clear case where there was going to be a state sentence. I don't think anybody thought these charges were going to be dismissed. I guess the police officer was shot. So this is one of those cases where we're almost certain there's going to be state time here, and the question is just how much. And so what he could have done, and we're Monday morning quarterbacking all of this, obviously, but what he could have done is given an idea of what the sentence is that he imposed, and instead he gave the whole gamut, which leaves maximal discretion to the Bureau of Prisons under the circumstances. And that, I think, is really the nub of the problem, is that that's the opposite of what Setzer wants, and that answers Judge Motz's question of why doesn't it swallow the rule. I think it potentially does. I think you can make the argument in any case. This is a pure prosecutorial discretion issue. The judges in North Carolina accept or reject the entirety of the negotiated plea. This was not a sentence that was fixed by a judge based on criteria that were found in sentencing. This was a plea that was negotiated and accepted or rejected on its terms, on its base. So, you know, any situation like that could be argued that it's more uncertain. You know, how this client might get a really good deal. How do I know? And the judge can just kick the ball down the road to the Bureau of Prisons. Thank you very much. We will come down and greet the lawyers and then go directly to our next case.
judges: Diana Gribbon Motz, Henry F. Floyd, James P. Jones